United States District Court
Southern District of Texas
**ENTERED**
October 14, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| JOSEPH TURNER, | § | |
|    Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 6:22-CV-00030 |
| | § | |
| NATHAN BESLER, *et al.*, | § | |
|    Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Joseph Turner, appearing *pro se* and *in forma pauperis*, has filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff asserts claims against Defendants under the Fourteenth Amendment. Plaintiff's case is subject to screening pursuant to the Prison Litigation Reform Act. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915A.

For the reasons set forth below, the undersigned recommends that: (1) Plaintiff's Fourteenth Amendment claims against Defendants in their official capacities be DISMISSED for failure to state a claim upon which relief may be granted; (2) Plaintiff's Fourteenth Amendment claim against Besler be DISMISSED with prejudice as frivolous and for failure to state a claim upon which relief may be granted; and (2) Plaintiff's Fourteenth Amendment due process claims against Boone, Louderback, Janica, Guenther, Omeniski, and Berma in their individual capacities be DISMISSED with prejudice as frivolous and for failure to state a claim upon which relief may be granted, all pursuant to §§ 1915(e)(2)(B) and 1915A(b)(1).

The undersigned further recommends that the dismissal of this case count as a "strike" for purposes of 28 U.S.C. § 1915(g).[1]

### A. Jurisdiction.

The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331. This case has been referred to the undersigned magistrate judge for case management and making recommendations on dispositive motions pursuant to 28 U.S.C. § 636.

### B. Background: Plaintiff's § 1983 action.

Plaintiff filed this civil rights action on August 15, 2022. (Doc. No. 1.) Plaintiff is a prisoner in the Texas Department of Criminal Justice, Criminal Institutions Division (TDCJ-CID) and is housed at TDCJ's James Lynaugh Unit in Fort Stockton, Texas. Plaintiff's allegations in this case arise in connection with his arrest in Edna, Texas, which lies within the Southern District of Texas. *Id.* at 2.

In this action, Plaintiff sues the following defendants: (1) Deputy Nathan Besler of the Jackson County Police Department ("Besler");[2] (2) Chief Deputy Rick Boone of the Jackson County Sherriff's Office ("Boone");[3] (3) Jackson County Sheriff Kelly Janica ("Janica"); (4)

---

[1] Plaintiff is **WARNED** that if he accumulates three strikes, he will not be allowed to proceed *in forma pauperis* in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious injury. *See* 28 U.S.C. § 1915(g).

[2] Nathan Besler was an officer with the Edna Police Department at the time of Plaintiff's arrest. Victoria Advocate, *Blotter: 2 arrested in Edna with more than 60 out-of-town checks*, https://www.victoriaadvocate.com/premium/blotter-2-arrested-in-edna-with-more-than-60-out-of-town-checks/article_11ed4b10-7cf5-11eb-bae1-37a803e34483.html (last visited Oct. 12, 2022).

[3] Rick Boone is the former chief deputy of the Jackson County Sheriff's Office and was Edna's police chief at the time of Plaintiff's arrest. *See* Jackson County Herald-Tribune, *Edna Swears in New Police Chief*, https://www.jacksonconews.com/news/edna-swears-new-police-chief (last visited Oct. 12, 2022). The undersigned is allowed to automatically substitute the current Chief Deputy of the Jackson County Sheriff's Office. *See* Fed. R. Civ. P. 25(d) ("The Court may automatically substitute a current public officer as the appropriate party.").

Jackson County District Attorney Pam Guenther ("Guenther"); (5) Jail Administrator James Omecinski of the Jackson County Sheriff's Office ("Omecinski");[4] (6) Detective Derrick Berma of the Jackson County Police Department ("Berma");[5] and (7) Andy Louderback, former Jackson County Sheriff ("Louderback") (collectively, "Defendants"). (Doc. No. 1, pp. 2, 5.) Plaintiff generally claims that Defendants violated his Fourteenth Amendment rights in connection with Besler's allegedly stealing $480 from Plaintiff's wallet during an arrest in February 2021. (Doc. No. 1, p. 2.) Plaintiff seeks monetary relief in the form of the full reimbursement of $480—the allegedly stolen amount of cash – damages in the amount of $20,000 for stress, mental duress, pain, and suffering, and $20,000 from each defendant for their alleged reluctance to investigate Plaintiff's theft claim against Besler. *Id*. at 6. Plaintiff requests a jury trial. (Doc. No. 9.)

### C. Legal standard.

When a prisoner seeks to proceed *in forma pauperis*, the Court shall evaluate the complaint and dismiss it without service of process if the Court finds the complaint frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A; *see also* 28 U.S.C. § 1915(e)(2)(B) (providing that a court shall review an *in forma pauperis* complaint as soon as practicable and dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from an immune defendant). A claim is frivolous if it has no arguable basis in law or fact. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989). A claim has no arguable basis in law if it is based on an indisputably meritless legal theory, "such as if

---

[4] Plaintiff appears to be referring to Jim Omecinski, Jail Administrator at the Jackson County Sheriff's Office. *See* https://www.linkedin.com/in/jim-omecinski-73612951/ (last visited Oct. 13, 2022).

[5] It appears Plaintiff is referring to Derrick Bermea, an Edna police officer at the time of Plaintiff's arrest. *See supra* Jackson County Herald-Tribune n.1.

the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott,* 157 F.3d 1003, 1005 (5th Cir. 1998) (citations omitted). A claim has no arguable basis in fact if "after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." *Talib v. Gilley,* 138 F.3d 211, 213 (5th Cir. 1998) (citing *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992)).

"In analyzing the complaint, [the Court] will accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Jones v. Greninger,* 188 F.3d 322, 324 (5th Cir. 1999) (*per curiam*). "The issue is not whether the plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claim." *Id.* (citations omitted). Thus, dismissal is inappropriate "unless the plaintiff would not be entitled to relief under any set of facts or any possible theory that he could prove consistent with the allegations in the complaint." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Plaintiff must allege sufficient facts in support of his legal conclusions that give rise to a reasonable inference that Defendants are liable. *Id.*; *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007). The factual allegations must raise Plaintiff's claim for relief above the level of mere speculation. *Twombly*, 550 U.S. at 555. If the complaint, taken as a whole, gives rise to a plausible inference of actionable conduct, Plaintiff's claim should not be dismissed. *Id.* Further, as Plaintiff proceeds *pro se*, the Court construes his complaint liberally in his favor. *See Oliver v. Scott*, 276 F.3d 736, 740 (5th Cir. 2002) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).

### D. Discussion: Plaintiff's claims are frivolous or fail to state a claim upon which relief may be granted. Plaintiff's case should be dismissed.

Section 1983 provides a vehicle for redressing the violation of federal law by those acting under color of state law. *Nelson v. Campbell*, 541 U.S. 637, 643 (2004). To prevail on a § 1983 claim, Plaintiff must prove that a person acting under the color of state law deprived him of a right secured by the Constitution or laws of the United States. 42 U.S.C. § 1983; *West v. Atkins*, 487 U.S. 42, 48 (1988). A defendant acts under color of state law if he or she misuses or abuses official power and if there is a nexus between the victim, the improper conduct, and the defendant's performance of official duties. *Townsend v. Moya,* 291 F.3d 859, 861 (5th Cir. 2002) (*per curiam*). Even accepting Plaintiff's factual allegations as true, Plaintiff fails to meet this burden, for the reasons discussed next.

### 1. Plaintiff's Fourteenth Amendment claims against Defendants in their official capacities fail to state a claim upon which relief may be granted, and should be dismissed with prejudice.

A suit against a state officer in his or her official capacity is effectively a suit against that state official's office. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). Thus, to the extent Plaintiff seeks to sue Defendants in their official capacities, he effectively is bringing a suit against the offices of these officials – the City of Edna and Jackson County.

"A municipality may not be subject to liability merely for employing a tortfeasor." *Zarnow v. City of Wichita Falls, Tex.*, 614 F.3d 161, 167 (5th Cir. 2010) (citations omitted). To bring a § 1983 claim alleging municipal liability, a plaintiff must show: (1) there is a policymaker; (2) an official policy; and (3) a violation of constitutional rights whose "moving force" is the policy or custom. *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 694 (1978); *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001). In other words,

"municipal liability under § 1983 attaches where—and only where—a deliberate choice to follow a course of action is made from among various alternatives by city policymakers." *Goodman v. Harris Cnty.*, 571 F.3d 388, 396 (5th Cir. 2009) (internal quotation marks omitted) (quoting *City of Canton v. Harris*, 489 U.S. 378, 379 (1989)).

Plaintiff fails to cite any county policy or practice that resulted in the violation of his constitutional rights. Therefore, even if the Court were to substitute the City of Edna and Jackson County on behalf of the individual defendants in their official capacities, Plaintiff would not be able to state a viable § 1983 claim against either entity. Accordingly, the undersigned recommends that Plaintiff's claims against Defendants in their official capacities be dismissed with prejudice.

### 2. *Plaintiff's Fourteenth Amendment claim against Besler in his individual capacity is frivolous and fails to state a claim upon which relief may be granted. It should be dismissed with prejudice.*

Accepting Plaintiff's allegations as true for purposes of screening Plaintiff's lawsuit, the Court relies on the following information. On February 5, 2021, in Edna, Texas, Besler arrested Plaintiff and confiscated Plaintiff's belt, phone, and wallet. (Doc. No. 1, p. 2.) Then, while still in Besler's custody, Plaintiff was transported to the Jackson County Medical Clinic.[6] *Id.* According to Plaintiff, Besler had his body camera on during the arrest, but switched it off at the clinic. *Id.* At the clinic, Plaintiff saw Besler going through his belongings. *Id.*

Plaintiff's wallet contained a total of $760 in cash. (Doc. No. 1, p. 2.) Part of that cash, $480, was in the "zipper part" of the wallet, while $280 was in the "lay out" part of the wallet.

---

[6] Plaintiff refers to a "Jackson County Medical Center," but it appears he means the Jackson County Medical Clinic. *See* Jackson County Hospital District, *Jackson County Medical Clinic*, https://www.jchd.org/getpage.php?name=JCMC (last visited Oct. 12, 2022).

*Id.* Plaintiff alleges Besler stole the $480 and then tried to "throw [Plaintiff] off" by moving the remaining $280 to the zipper part of the wallet. *Id.*

Plaintiff claims no one else had access to Plaintiff's belt, phone, and wallet. (Doc. No. 1, p. 2.) Once Plaintiff realized his money was stolen, he and two jailers, Kara Kovar and Destiny Selis, reviewed the camera footage[7] four times. *Id.* at 3. According to Plaintiff, the video proves Besler stole Plaintiff's money while Plaintiff was at the clinic. *Id.*

"[T]he Supreme Court held that deprivations of property caused by the misconduct of state officials do not infringe constitutional due process provided adequate state post-deprivation remedies exist." *Murphy v. Collins*, 26 F.3d 541, 543–44 (5th Cir. 1994) (citing *Hudson v. Palmer*, 468 U.S. 517 (1984)); *Young v. Polk*, No. 5:20CV87, 2021 WL 5988428, at *7 (E.D. Tex. Sept. 23, 2021), *adopted*, No. 520CV00087RWSCMC, 2021 WL 5149797 (E.D. Tex. Nov. 4, 2021) (same). In Texas, the tort of conversion or the right to bring a damage action fulfills this requirement. *Kupstis v. Davis*, No. 1:10-CV-0157-BI ECF, 2010 WL 7093539, at *3 (N.D. Tex. Dec. 28, 2010), *adopted*, No. 1:10-CV-157-C ECF, 2011 WL 3157165 (N.D. Tex. July 26, 2011) (citing *Murphy*, 26 F.3d at 543 (tort of conversion); *Thompson v. Steele,* 709 F.2d 381, 382 (5th Cir. 1983) (damage action)).

In sum, Plaintiff has adequate post-deprivation remedies in Texas. Regardless of whether Plaintiff has used or plans to use the available state post-deprivation remedies, the mere existence of such remedies is enough to preclude Plaintiff's claim in federal court. *Leggett v. Comer*, 280 F. App'x 333, 335 (5th Cir. 2008) (*per curiam*) (citation omitted) (explaining that just because the plaintiff was unsuccessful in filing his state-law action, this did not render

---

[7] Although Plaintiff does not so specify, the undersigned assumes that Plaintiff is referring to Besler's body camera footage. Plaintiff does not provide details about how he gained access to this footage.

Texas' post-deprivation remedies inadequate). Accordingly, Plaintiff's claim regarding the alleged stolen property is not actionable under § 1983. As such, Plaintiff's claim against Besler should be dismissed with prejudice as frivolous and for failure to state a cognizable § 1983 claim.

> ***3. Plaintiff's Fourteenth Amendment claims against defendants Boone, Louderback, Janica, Guenther, Omeniski, and Berma in their individual capacities are frivolous and fail to state a claim upon which relief may be granted. Those claims should be dismissed with prejudice.***

Plaintiff's claims against defendants Boone, Louderback, Janica, Guenther, Omeniski, and Berma all stem from those defendants' alleged inaction regarding Plaintiff's theft claim against Besler. (Doc. No. 1, p. 5.) Plaintiff alleges he is entitled to damages for pain and suffering, because: (1) Boone "would not file charges on his officer" and would not respond to Plaintiff's grievances; (2) Louderback "never acted on this crooked officer [(Besler)]" and would not answer Plaintiff's grievances; (3) Janica never "acted on" Plaintiff's letters or responded to Plaintiff's letters and grievances; (4) Guenther never responded to Plaintiff's letter or acted on the letter that stated Plaintiff wished to press charges against Nathan Besler; (5) Omeniski lied and never turned over Plaintiff's statement to investigators; and (6) Berma lied to Plaintiff about the supposed investigation when Plaintiff still has not heard anything from any of them about the money being stolen. *Id.* Therefore, Plaintiff is generally alleging a due process violation arising from the failure of city and county officials, in their individual capacities, to properly investigate his grievances and letters complaining about Besler's conduct.

Primarily, Plaintiff does not have a constitutional right to have someone investigated, nor is there a right to have someone criminally prosecuted. *Thornton v. Merchant*, No. CIV.A. H-10-0616, 2011 WL 147929, at *13 (S.D. Tex. Jan. 18, 2011) (Atlas, J.) (citing *Oliver v.*

*Collins,* 914 F.2d 56, 60 (5th Cir.1990)). "[T]he decision to charge an individual with criminal violations is not vested within the courts, but is solely within the discretion of the district attorney." *Id.* (citations omitted). Also, Plaintiff has no constitutional right to responses to letters or grievances sent to defendants Boone, Louderback, Janica, Guenther, Omeniski, and Berma. *See Mills v. LeBlanc*, No. CV 21-418, 2021 WL 3572148, at *11 (E.D. La. July 15, 2021), *adopted*, No. CV 21-418, 2021 WL 3566434 (E.D. La. Aug. 11, 2021), *aff'd*, No. 21-30589, 2022 WL 3287961 (5th Cir. Aug. 11, 2022) (concluding the plaintiff's claims against defendants related to the alleged mishandling of or lack of response to his grievances and related letters was frivolous). Thus, even if defendants Boone, Louderback, Janica, Guenther, Omeniski, and Berma received Plaintiff's letters and refused to investigate Plaintiff's claims, Plaintiff does not set forth a viable § 1983 claim.

Plaintiff admits, and the record shows, that he did receive at least two responses to his grievances and that there was some investigation into Plaintiff's theft claim, just not to Plaintiff's satisfaction. On March 9, 2021, Plaintiff wrote a four-page statement detailing his theft allegation against Besler and gave the statement to Omeniski to give to the chief of police. (Doc. No. 2, p. 28.) On June 7, 2021, in response to a grievance where Plaintiff expressed his desire to pursue charges against Besler, someone (Tara Shay Timberlake, according to Plaintiff) responded by asking if Plaintiff had spoken to an officer or filed a report about the incident and told Plaintiff she would give the form to the chief of police. *Id.* at 19, 28. On June 20, 2021, Omeniski told Plaintiff that he gave Plaintiff's statement to an investigator. *Id.* at 28. On July 16, 2021, Sergeant Ashley Austin "pulled" Plaintiff out of his cell to tell him that Louderback would send Boone to talk to Plaintiff. *Id.* On September 1, 2021, Berma visited Plaintiff to discuss the alleged theft incident and explained Besler switched his camera off at the clinic,

though Plaintiff alleges the visit was to "quiet" Plaintiff. *Id.* at 29. Finally, in response to a grievance dated October 4, 2021, Omeniski replied that Plaintiff's grievance had been addressed, that Plaintiff's civil rights were not violated, and "the money issue has been investigated and [is] unfounded . . . ." *Id.* at 16.

"A prisoner has a liberty interest only in freedoms from restraint imposing atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Tawe v. Roesler*, No. CV H-17-3404, 2018 WL 1609579, at *4 (S.D. Tex. Apr. 2, 2018) (Gilmore, J.) (quoting *Geiger v. Jowers*, 404 F.3d 371, 73–74 (5th Cir. 2005)). Plaintiff does not have a federally protected liberty interest in having his grievances investigated and resolved to his satisfaction, and there is no due process violation when prison officials fail to investigate and resolve grievances. *Id.*; *Geiger*, 404 F.3d at 374. Indeed, a prison system is not required to establish a grievance system at all, and the failure of a jail or prison system to establish or adhere to such procedures does not rise to the level of an actionable constitutional claim. *See* 42 U.S.C. § 1997e(b). Accordingly, detainees "do not have a constitutionally protected right to a grievance procedure – much less one that complies with their own personal preferences." *Cornett v. Edge*, No. 3:20-CV-89-M-BN, 2020 WL 890387, at *2 (N.D. Tex. Jan. 16, 2020) (citing *Lijadu v. I.N.S.*, Civ. A. No. 06-0518, 2007 WL 837285, at *3 (W.D. La. Feb. 21, 2007) (citation and internal quotation marks omitted)), *adopted*, No. 3:20-CV-89-M, 2020 WL 888535 (N.D. Tex. Feb. 24, 2020). "As he relies on a legally nonexistent interest, any alleged due process violation arising from the alleged failure to investigate his grievances is indisputably meritless." *Geiger*, 404 F.3d at 374. Plaintiff's speculative and conclusory allegations about these defendants' alleged inactions fail to state a claim. Plaintiff has not shown that any defendant violated Plaintiff's constitutional rights or clearly established law.

10 / 12

Because Plaintiff's claims against defendants Boone, Louderback, Janica, Guenther, Omeniski, and Berma lack an arguable basis in law and are speculative, the undersigned finds that Plaintiff's allegations against these defendants are frivolous and fail to state a claim upon which relief may be granted. Thus, these claims should be dismissed with prejudice.

### E. Conclusion and recommendation.

The undersigned recommends that: (1) Plaintiff's Fourteenth Amendment claims against Defendants in their official capacities be DISMISSED for failure to state a claim upon which relief may be granted; (2) Plaintiff's Fourteenth Amendment claim against Besler be DISMISSED with prejudice as frivolous and for failure to state a claim upon which relief may be granted; and (3) Plaintiff's Fourteenth Amendment due process claims against Boone, Louderback, Janica, Guenther, Omeniski, and Berma in their individual capacities be DISMISSED with prejudice as frivolous and for failure to state a claim upon which relief may be granted, all pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1). The undersigned additionally recommends that Plaintiff's request for jury trial (Doc. No. 9) be DENIED as moot.

Further, the undersigned recommends that the dismissal of this case count as a "strike" for purposes of 28 U.S.C. § 1915(g), and that the Clerk of Court be INSTRUCTED to send notice of this dismissal to the Manager of the Three Strikes List for the Southern District of Texas at Three_Strikes@txs.uscourts.gov.

### F. Notice.

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within 14 days after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate

Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within **14 days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*).

SIGNED on October 14, 2022.

_____
MITCHEL NEUROCK
United States Magistrate Judge